IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK J. KANE, JR. : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 16-5074 |
| NANCY A. BERRYHILL, : | |
| Acting Commissioner of Social Security : | |

O'NEILL, J.                                                                                                         July 17, 2017

**MEMORANDUM**

Currently pending are plaintiff Patrick J. Kane, Jr.'s objections to the Report and Recommendation of Chief United States Magistrate Judge Linda K. Caracappa. As I find that the record has not been fully developed with respect to plaintiff's mental health impairment, I will adopt the Report and Recommendation in part, sustain plaintiff's objections in part and remand to the Commissioner of Social Security for further consideration.

**BACKGROUND**

On October 9, 2012, plaintiff—then forty-seven years old—filed for Disability Insurance Benefit and Supplemental Security Income under Titles II and XVI respectively of the Social Security Act, 42 U.S.C. § 401, et seq. R. 19, 152–59.[1] His claim alleged disability since March 31, 2004, due to herniated discs in his back, neck and shoulder; bipolar disorder; depression; diabetes; sleep apnea; enlarged prostate; and chronic pain. R. 19, 226, 237. The state agency denied plaintiff's application on March 29, 2013, and plaintiff timely requested a hearing before

---

[1]     For ease of discussion, citations to the administrative record will be referenced as "R. [page number]."

an administrative law judge (ALJ). R. 19, 91–100. ALJ Stuart Gauffreau conducted a hearing on December 5, 2014, during which plaintiff did not personally appear, but was represented by counsel. R. 34–63. Plaintiff's counsel requested a continuance given his inability to locate his client, but the ALJ proceeded with the hearing and took testimony from a vocational expert. Id. Nonetheless, the ALJ agreed that if counsel could show good cause for plaintiff's absence, he would hold a supplemental hearing to give plaintiff the opportunity to testify. R. 36.

On December 18, 2014, the ALJ sent plaintiff a request to show cause for his failure to appear at the hearing. R. 146–47. In the absence of any response, the ALJ issued a decision on January 21, 2015, deeming plaintiff "not disabled." R. 19–30. Subsequently, however, on March 6, 2015, counsel advised the ALJ that he had finally contacted plaintiff, who had been in treatment at an inpatient psychological facility, and requested a supplemental hearing to submit additional medical evidence. Id. at 15. On March 26, 2015, plaintiff filed a request for review with the Appeals Counsel. R. 9–14. Thereafter, on July 13, 2015, plaintiff's counsel sent a letter to the Appeals Counsel requesting a supplemental hearing to submit new and material evidence to the record. R. 7–8. Although plaintiff's counsel then requested that the appeal be withdrawn, counsel sent another letter on April 9, 2016, asking that the Appeals Council disregard his request and, instead, consider the new medical records when making its decision. R. 224–25.

Upon consideration of both the original record and the additional medical evidence submitted by plaintiff, the Appeals Council denied plaintiff's request for review on July 21, 2016, id. at 1–6, making the ALJ's ruling the final decision of the agency. 20 C.F.R. §§ 404.1572, 416.972.

Plaintiff initiated the present civil action on September 22, 2016, alleging multiple errors by the ALJ. On May 31, 2017, Chief United States Magistrate Judge Linda K. Caracappa issued

a Report and Recommendation rejecting plaintiff's arguments. ECF No. 14. Plaintiff filed objections to the R&R on June 29, 2017, contending that the ALJ erred in failing to properly evaluate the opinions of the Commissioner's own consulting examiners, Dr. Ross and Dr. Orenstein. ECF No. 17. Defendant responded on July 13, 2017. ECF No. 19.

**STANDARD OF REVIEW[2]**

Judicial review of the Commissioner's decision is limited to determining whether "substantial evidence" supports the decision. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999), quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988). When making this determination, a reviewing court may not undertake a de novo review of the Commissioner's decision and may not re-weigh the evidence of record. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). In other words, even if the reviewing court would have decided the case differently, the Commissioner's decision must be affirmed if it is supported by substantial evidence. Id. at 1190–91; see also Gilmore v. Barnhart, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005) (holding that the court's scope of review is "'limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact'"), quoting Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the

---

[2] The five-step sequential analysis for assessing a disability claim was summarized by the Magistrate Judge. In lieu of repeating that discussion, I incorporate by reference that portion of the R&R into this Memorandum.

3

evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

Where a United States Magistrate Judge has issued a report and recommendation in a social security case and a party makes a timely and specific objection to that report and recommendation, the district court is obliged to engage in de novo review of only those issues raised on objection. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. The court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1). In the exercise of sound judicial discretion, the court may also rely on the Magistrate Judge's proposed findings and recommendations. See United v. Raddatz, 447 U.S. 667, 676 (1980).

## DISCUSSION

Plaintiffs' sole objections in this case concern the ALJ's treatment of opinions from two state consultative physicians. While the first objection has no merit, I find that the second objection should be sustained.

An ALJ in a disability benefits case has an "obligation to weigh the medical evidence and make choices between conflicting medical evidence." Williams v. Sullivan, 970 F.2d 1178, 1187 (3d Cir. 1992). When presented with conflicting evidence, the ALJ "may choose whom to credit" so long as he does not "reject evidence for no reason or for the wrong reason." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999), quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993). ALJs should "accord treating physicians' reports great weight, especially 'when their

4

opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting Plummer, 186 F.3d at 429. "An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." Plummer, 186 F.3d at 429.

As to opinions from consultative examiners—those who have performed a one-time examination—the ALJ may give the opinion weight insofar as it is supported by evidence in the record "considering such factors as the supportability of the opinion in the evidence including any evidence received at the administrative law judge and Appeals Council levels that was not before the State agency, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation for the opinion provided by the State agency medical or psychological consultant or other program physician or psychologist." SSR 96-6p, 1996 WL 374180, at *2. (July 2, 1996). As long an ALJ bases his or her rejection of a consultative examiner's opinion on substantial evidence, that decision is not legally improper. See Hevner v. Commr. Soc. Sec., 675 F. App'x 182, 185 (3d Cir. 2017).

In his objections, plaintiff claims the ALJ's failed to properly evaluate the opinions of the Commissioner's own consulting examiners, Dr. Harris A. Ross and Dr. Harry Orenstein. I address his objection with respect to each examiner individually.

**A.  Dr. Harris A. Ross**

Dr. Ross opined, in a checklist evaluation, that plaintiff could stand and walk for less than one hour per day, was limited to occasionally lifting and/or carrying ten pounds and should never perform any postural activities except for some occasional bending. R. 696–67. Rejecting these

extreme limitations, the ALJ remarked that "Dr. Ross provided no rationale for the assessed walking/standing limitation and his objective medical findings do not support that limitation or the others mentioned above." R. 28. The ALJ explained:

> Dr. Ross noted at his consultative examination on January 16, 2013, that the claimant wore a soft, elastic back brace but had no other assistive device. He had a normal gait. Reflexes in his upper and lower extremities were intact. There was normal range of motion in all of his joints. There was reduced range of motion in his cervical spine and he was able to bend forward at the lumbar spine to 60 degrees. He could raise his legs to 60 degrees.

R. 27. In further support of his conclusion, the ALJ remarked:

> On February 28, 2013, a cervical spine x-ray performed secondary to Dr. Ross' request showed mild narrowing of the C5-C6 disc space and small osteophytes at C4-C6, but was otherwise unremarkable with no evidence for fractures.

Id. The Magistrate Judge found the ALJ's decision to be well supported by substantial evidence.

In his objections, plaintiff argues that this conclusion was erroneous because the record contains positive objective findings that support Dr. Ross's opinions. He notes that Dr. Ross found limited rotation, flexion and extension in the cervical spine, and an x-ray showed straightening of the normal cervical lordosis, mild narrowing of the C5-6 disc space and small anterior endplate osteophytes involving C4-C6. Plaintiff goes on to contend that the ALJ was not permitted to draw his own conclusions from these records and that no other medical opinions contradicted Dr. Ross's findings.

Under the substantial evidence standard of review, plaintiff's argument fails. It is well established that if the opinion of a physician is "conclusory and unsupported by the medical evidence," the ALJ may choose to disregard it. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). When doing so, the ALJ must explain his reasoning on the record. Brewster v. Heckler, 786 F.2d 581, 585 (3d Cir. 1986). The Social Security regulations direct an ALJ to consider

whether a medical source has provided relevant evidence to support an opinion. 20 C.F.R. § 416.927(d)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."); see also Santiago v. Astrue, No. 11-3650, 2012 WL 1080181, at *9 (E.D. Pa. Mar. 28, 2012) ("[I]n light of the relatively cursory and checklist format of [the treating physician's] opinion, the sparsity of the support for her conclusions in her own records, and the contradictory nature of the medical evidence from [the plaintiff's] treating therapist, the Court holds that the ALJ was not required to attribute more than 'little to no weight' to [the treating physician's] opinion of [the plaintiff's] mental limitations."). Further, as the Court of Appeals has observed, "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank"—as is the case here— "are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). This principle is particularly true when those residual capacity reports are "unaccompanied by thorough written reports." See Brewster v. Heckler, 786 F.2d 581, 585 (3d Cir. 1986).

In this case, Dr. Ross conducted a consultative examination of plaintiff on January 16, 2013. He remarked that plaintiff used no assistive devices, but for a soft elastic back brace, maintained a normal gait, had intact reflexes of upper and lower extremities, demonstrated limited rotation no the cervical spine to twenty-five degrees, complained of pain over the C6-C7 vertebrae, had normal range of motion in his joints, had normal grip strength, could forward bend to sixty degrees and had straight leg raising at 60 degrees. R. 694–95. To the extent Dr. Ross had positive examination findings, the ALJ accounted for them by limiting plaintiff to a range of light work with only occasional climbing ramps and stairs and no climbing ladders and scaffolds, balancing, stooping, kneeling, crouching or crawling. R. 26. To the extent, however, that Dr. Ross checked a box on a form report limiting plaintiff to less than one hour of standing or

7

walking in an eight-hour workday, the ALJ properly rejected that opinion on the grounds that it was unaccompanied by any explanation, was unsupported by any objective findings and was inconsistent with the remainder of Dr. Ross's examination. The ALJ did not need another medical opinion expressly contradicting Dr. Ross in order to disregard the unsubstantiated and extreme limitation prescribed in Dr. Ross's report. As substantial evidence supports the ALJ's decision, I will overrule this objection.

### B. Dr. Harry Orenstein

Dr. Orenstein conducted a one-time mental status examination of plaintiff. He opined that plaintiff showed "mild to moderate insight," and "was transparent, candid and had no difficulty sharing his life." R. 718. Diagnostically, plaintiff presented as having mild to moderate bipolar disorder with manic episodes and poor judgment at times. Id. Dr. Orenstein also noted that plaintiff could be easily provoked and agitated and that his GAF rating was between forty and forty-five, which signified either serious symptoms or any serious impairment in social, occupational or school functioning. Id. at 26, 718. Finally, the doctor remarked that plaintiff's capacity for gainful employment was limited due to his anxiety and tendency to clash since he was easily provoked. Id. Dr. Orenstein commented that plaintiff's "cognitive skills seemed adequate and they would allow him to work if he could secure work." Id. In an accompanying checklist assessment, however, Dr. Orenstein give plaintiff a slight limitation in his ability to interact appropriately with the public and supervisors, a moderate to marked limitation in his ability to interact with co-workers and marked limitations in his ability to respond appropriately to both work pressures in a usual work setting and changes in a routine work setting. R. 708.

Upon consideration of this opinion, the ALJ declined to give great weight to the marked limitations assessed by Dr. Orenstein. In doing so, he explained that "[t]he marked limitations are unsupported in the examination findings and Dr. Orenstein does not otherwise explain them." R. 28. The ALJ further relied heavily on a limited history of treatment as follows:

> [H]as a remote history of inpatient mental health treatment, but there is no evidence of current ongoing treatment. Treatment records from Mary Howard Health Center end in November 2012 and show that in October 2012, he had an unremarkable mental status exam. At an office visit on November 26, 2012, he denied depressive features and felt he needed no help obtaining employment . . . . Recently, there have been only consultative evaluations performed . . . . Thus he has not generally received the type of mental health treatment one would expect for a disabled individual.

R. 27. The ALJ found plaintiff capable of work, but limited him to routine and repetitive tasks and simple work-related decisions with only occasional interaction with supervisors and coworkers and no interaction with the public. R. 26. The Magistrate Judge deemed the ALJ's conclusion well supported by substantial evidence, reiterating both Dr. Orenstein's statement that plaintiff's cognitive skills would allow him to work if he could find a position and plaintiff's statement to Dr. Orenstein that he would be willing to drive a cab again if the terms of his parole would permit. Report & Recommendation, ECF No. 14, at 17.

Plaintiff objects to the Magistrate Judge's finding and asks that I remand the case back to the ALJ "for a proper evaluation of Dr. Orenstein's opinions." Pl.'s Objections, ECF No. 17, at 3. Given the unusual procedural circumstances of this case, I agree that remand is warranted for this purpose.

The Court of Appeals has repeatedly held that the ALJ has an affirmative obligation to assist the claimant in developing facts. Plummer v. Apfel, 186 F.3d 422, 433–34 (3d Cir. 1999); Taybron v. Harris, 667 F.2d 412, 414–15 (3d Cir. 1981); Kephart v. Richardson, 505 F.2d 1085,

9

1090 (3d Cir. 1974); Hess v. Sec'y of Health Educ. & Welfare, 497 F.2d 837, 840 (3d Cir. 1974). This affirmative obligation means that the ALJ's duty to inquire is independent of plaintiff's burden. Hippensteel v. Soc. Sec. Admin., 302 F. Supp. 2d 382, 390 (M.D. Pa. 2001). Prior to determining whether the ALJ's decision is supported by substantial evidence, "the Court must first be satisfied that the plaintiff has had a full and fair hearing under the regulations of the Social Security Administration and in accordance with the beneficent purposes of the act." Maniaci v. Apfel, 27 F. Supp. 2d 554, 557 (E.D. Pa. 1998), citing Echevarria v. Sec'y of Health and Human Servs., 685 F.2d 751, 755 (2d Cir.1982).

Considering plaintiff's objection, I find that he did not have a sufficient opportunity to testify at an administrative hearing regarding the severity of his impairments. At the initial hearing, counsel could not locate his client. Although the ALJ offered to hold a supplemental hearing if counsel could get in touch with plaintiff, the ALJ nonetheless proceeded with the initial hearing in plaintiff's absence. During that hearing, plaintiff's counsel explicitly noted that he believed plaintiff had undergone other psychological treatment since 2005, but, given his inability to contact his client, counsel did not have access to either those records or the medical records from plaintiff's incarceration at the hearing. R. 42. Shortly after the hearing, the ALJ issued a request to show cause for plaintiff's failure to appear, but, lacking a response from plaintiff, issued his decision deeming plaintiff "not disabled." In that decision, the ALJ specifically cited to the lack of medical treatment as a basis for rejecting Dr. Orenstein's opinion, despite knowing that plaintiff's absence had an impact on the availability of treatment records. Plaintiff's counsel finally located plaintiff a month and a half later and discovered he had been undergoing treatment at an inpatient psychiatric facility during the hearing. Counsel informed the ALJ and submitted extensive psychological and psychiatric records, many of which reflect a

mental disorder that may be as limiting as suggested by Dr. Orenstein. R. 721–94. Nonetheless, and despite counsel's request, no supplemental hearing was held. On appeal, the Appeals Council denied the request for review with only a cursory and non-explanatory nod to the new records. R. 1–6.

Given this factual backdrop, I respectfully disagree with the conclusions of both the ALJ and the Magistrate Judge and find that the ALJ's refusal to fully credit Dr. Orenstein's residual functional capacity assessment is not supported by substantial evidence. Dr. Orenstein provided the sole opinion evidence of record regarding plaintiff's current mental health condition. In rejecting that opinion, the ALJ relied primarily on plaintiff's absence of ongoing mental health treatment when, in fact, plaintiff apparently had missed the administrative hearing due to such mental health treatment. Although I make no finding that either these new treatment notes or plaintiff's testimony would alter the ALJ's final ruling, the nature of the social security process requires that plaintiff be given the opportunity to testify about both his past and ongoing treatment. Accordingly, the appropriate resolution is a remand of the case back to the Commissioner of Social Security for a new hearing at which plaintiff should testify and plaintiff's additional medical records of psychological treatment should be considered.

An appropriate Order follows.